IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG A. ALFORD,  :
        Petitioner,  :      1:21-cv-0876
          :
    v.  :      Hon. John E. Jones III
          :
GARY HAIDLE,  :
        Respondent.  :

**MEMORANDUM**

**May 25, 2021**

On May 7, 2021, Petitioner Craig A. Alford ("Alford"), at the time, a pretrial detainee confined at the Monroe County Correctional Facility, Stroudsburg, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 2).

Because Alford was a pretrial detainee at the time he submitted his petition, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. CV 16-3052 (RBK), 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) collecting the following cases: "*See Thomas v. New Jersey*, No. 16–1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing habeas petition that was filed under § 2254 as one that is filed under § 2241 because petitioner is a state pretrial detainee); *Smith v. Pennsylvania State Attorney Gen.*, No. 11–1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a

pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), report and recommendation Case 3:17-cv-01465-2 adopted, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007)."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits application of rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Preliminary review reveals that the petition is subject to summary dismissal.

I. **BACKGROUND**

In his petition, Alford contends that he was appointed ineffective assistance of counsel, that the state court judge disregarded his rights, that the Commonwealth "lacked due diligence to proceed to trial" and deprived him of a

2

fair trial by violating *Brady v. Maryland* and various other errors, and that the trial court has, or may, commit a multitude of errors. (Doc. 1, pp. 7-18). At the time he filed this petition, Alford was scheduled for trial on firearms charges and a charge of flight to avoid apprehension in the Court of Common Pleas of Monroe County criminal case CP-45-CR-0000929-2020. *See* state court electronic docket, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-45-CR-0000929-2020&dnh=46vqvWTwSqNUkp83Ty%2FzXw%3D%3D (Doc. 1, p. 7). It appears that he has since proceeded to trial and been found guilty by a jury on May 11, 2021. *Id.*

## II. DISCUSSION

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441– 42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however,

"is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly

4

unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the state court electronic docket sheet and the contents of the petition that, at the time he filed this petition, Alford was involved in ongoing criminal proceedings which implicate important state interests and was actively engaged in defense of those proceedings. Because he had relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition and decline Alford's invitation to invalidate the criminal proceedings against him. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

### III. <u>CONCLUSION</u>

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

A separate Order will enter.